James J. Crisona, J.
Petitioner is a labor union. It entered into a collective bargaining agreement dated February 14, 1956 with the respondent Hendrickson Bus Co., Inc., which agreement was renewed and amended on February 14, 1957, and further *1080 renewed on May 14, 1959. The agreement will expire on February 14, 1960.
On or about August 24, 1959, said respondent hired eight buses from Star Bus Lines, Inc., laid off eight of its own bus drivers and replaced them with an equal number employed by Star Bus Lines, Inc. Contending that this constituted a lockout within the meaning of paragraph 2 of the collective bargaining agreement pursuant to which the company undertook not to lockout the employees covered thereby ‘ ‘ for any reason during the term thereof,” petitioner has instituted this proceeding to compel arbitration as provided in the collective bargaining agreement.
Respondent Hendrickson Bus Co., Inc., contends, in opposition, that what occurred was not a lockout; that it merely laid off all of its employees except one due to a decrease of its working forces resulting from lack of operating buses and the necessity of renting buses with the operators therefor at a stipulated price per day, in order to temporarily continue the operation of its franchised routes; that this was merely a change of method of performing its operations which was in no way inhibited by the collective bargaining agreement and, therefore, not subject to arbitration.
Whether what has occurred here was a “ lockout ” prohibited by the agreement or a mere change of method in the performance of the bus company’s operations presents a question involving the interpretation of the provisions of the agreement, which under subdivision (a) of paragraph 14 thereof is an arbitrable issue. It is therein provided, in no uncertain terms, that: “Any dispute or disagreement arising between the parties in respect to the interpretation of this agreement * * * shall
be handled jointly by the parties. If the question cannot be settled in direct negotiations, it will be submitted for final and binding decision to a board created in the following way ’ ’.
The application is, accordingly, granted. (See Matter of Acme Backing Corp. [Dist. 65], 2 A D 2d 61, affd. 2 N Y 2d 963.)
Proceed on notice.